# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. No. 1705013353 |
| | ) | |
| | ) | |
| ROBERT C. LUKSHIDES, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: July 9, 2019
Decided: July 29, 2019

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED

Matthew C. Bloom, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State of Delaware.

Robert C. Lukshides, *pro se*

**MAYER,** Commissioner

This 29th day of July, 2019, upon consideration of Defendant's Motion for Postconviction Relief and the record in this matter, the following is my Report and Recommendation.

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

On July 10, 2017, Robert Lukshides was indicted on the sole count of Driving a Vehicle While Under the Influence or with a Prohibited Alcohol Content. On February 15, 2018, after the State produced discovery[1] and after several continuances of the trial date, Defendant entered into four agreements with the State. First, Defendant agreed to plead guilty to Driving Under the Influence (4th offense), a Class E Felony. The Plea Agreement provides that the State and Defendant agree to recommend a sentence of 5 years at Level V, suspended after 6 months for 1 year at Level II.[2] In addition, the parties agreed that the following conditions would apply and Defendant would: (1) complete an alcohol evaluation and DUI course or rehabilitation program; (2) participate in a drug/alcohol abstinence and treatment program; (3) lose his license for 60 months; and (4) agree that he is subject to sentencing for a fourth-offense DUI because of three previous offenses: DUI (ARD) (PA 2008); DUI (FOP) (DE 2002); DUI (DE 1990). The above conditions are statutory. Second, Defendant signed the Truth-in-Sentencing Guilty Plea Form

---

[1] *See* D.I. #s 6, 7, 9.

[2] D.I. # 21.

whereby he acknowledged that he was voluntarily and freely deciding to plead guilty to the charge in the Plea Agreement, that he was not promised anything that was not already stated, that no one threatened or forced him to enter the plea, and that he understood that he was waiving certain constitutional rights, including the right to present evidence in his defense. For a second time, Defendant affirmed the possible minimum mandatory incarceration of 6 months and that he would lose his license for 5 years. Third, Defendant signed the Immediate Sentencing Form. Through this form, Defendant agreed that the State's description of his criminal record was correct, *i.e.* that he had three previous DUI convictions. Finally, Defendant signed a fourth document – a Revocation of Driver's License/Privilege to Drive, attesting that he plead guilty and that his license would be revoked for 5 years.[3]

On that same date, the Court engaged in a detailed plea colloquy with Defendant.[4] The recommended sentence was reviewed, the conditions that would be imposed, and the history of DUI convictions. In response to the Court's inquiries, Defendant agreed that he read all of the aforementioned documents, discussed them with counsel, that he was satisfied with his representation, that nothing was promised to him, nor anything offered in exchange for his plea, and that he understood that his driving privileges would be revoked for 5 years. Defendant admitted that he drove

---

[3]  D.I. # 22.

[4]  *See* Plea & Sentencing Transcript, February 15, 2018 (hereinafter "Plea Trans.").

a vehicle while under the influence of alcohol and the Court accepted the plea as knowing, intelligent and voluntary. Defendant was then sentenced consistent with the agreements.[5] However, prior to doing so, the Court asked if Defendant had anything to add (he did not) and whether he understood the terms of the sentence (he did).[6]

On February 14, 2019, Defendant filed his first Motion for Postconviction Relief (the "Motion").[7] The Motion presented three claims: (1) Defendant was coerced into entering a guilty plea; (2) evidence was suppressed that would have proven his innocence; and (3) ineffective assistance of counsel. The record was expanded and former trial counsel filed an Affidavit in response.[8] Defendant filed a Reply[9] and clarified/supplemented his three legal arguments. Defendant's complaints appear to be that trial counsel (1) told Defendant he would receive house arrest instead of incarceration; (2) failed to obtain police/witness videos, challenge the blood draw, correct the charge to a third offense, and argue that witnesses saw a

---

[5] D.I. # 23.

[6] Plea Trans. at pp. 8-9.

[7] D.I. # 24.

[8] D.I. # 29.

[9] D.I. # 33.

female driving (not Defendant); and (3) was unprepared to defend despite the trial having been continued.

## LEGAL ANALYSIS OF CLAIMS

Before considering the merits of the claims, the Court must first determine whether there are any procedural bars to the Motion.[10] This is Defendant's first motion for post-conviction relief and it was timely filed.[11] However, pursuant to Super. Ct. Crim. R. 61(i)(3), any ground for relief that was not previously raised is deemed waived, unless the moving party establishes a basis for an exception to the bar.[12] Defendant's claims, to the extent they now seek to challenge the evidence, were waived because he failed to present these issues during the trial proceedings. Defendant entered into four separate agreements acknowledging his plea and stated in open court that he was pleading guilty to the charge presented. By doing so, Defendant also waived the right to contest any of the evidence against him and/or to present evidence in his own defense. A defendant is bound by his statements to the Court during the plea colloquy and a valid guilty plea waives his right to challenge

---

[10] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[11] *See* Super. Ct. Crim. R. 61(m)(1). If the defendant does not file a direct appeal, the judgment of conviction becomes final 30 days after the Superior Court imposes sentence.

[12] *See* Super. Ct. Crim. R. 61(i)(5) and (d)(2)(i), (ii).

any alleged errors, deficiencies or defects occurring prior to the entry of the plea.[13] Based on the foregoing, Defendant's claims for relief are deemed waived and/or barred for his failure to present them in the original proceedings and he has not established an exception warranting relief.[14]

With respect to Defendant's ineffective assistance of counsel claims, such claims cannot be raised at any earlier stage in the proceedings and are properly presented by way of a motion for postconviction relief.[15] In order to prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and the deficiencies in counsel's representation caused the defendant actual prejudice.[16] In the context of a case involving a guilty plea, Defendant must show that but for counsel's errors, there is a reasonable probability that he would not have pleaded

---

[13] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997); *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2004).

[14] Defendant does not argue that the court lacked jurisdiction, the existence of new evidence demonstrating that he is actually innocent of the acts giving rise to the conviction, nor does he argue that a new rule of constitutional law applies to render his conviction invalid. Further, Defendant has not established cause for relief from any procedural default or prejudice from a violation of his rights. Super. Ct. Crim. R. 61(i)(3), (5) and (d)(2)(i)-(ii).

[15] *Whittle v. State*, 2016 WL 2585904, at *3 (Del. Apr. 28, 2016); *State v. Evan-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).

[16] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

6

guilty and instead would have insisted on going to trial.[17] Defendant must also overcome a strong presumption that counsel's conduct was reasonably professional under the circumstances.[18] Further, mere allegations of ineffectiveness will not suffice, rather, a defendant must make and substantiate concrete allegations of actual prejudice.[19] Great weight and deference are given to tactical decisions by the trial attorney and counsel cannot be deemed ineffective for failing to pursue motions that lack merit.[20]

After having considered the full record in this matter, I find that Defendant's claims that trial counsel was ineffective are without merit. At the time of the plea, Defendant stipulated to the three prior offenses[21] and that he had been driving under the influence.[22] Defendant's execution of the documents, as well as the colloquy with the Court, demonstrate that he was fully aware of the possible sentence.[23]

---

[17] *Albury v. State,* 551 A.2d 53, 59 (Del.1988) (quoting *Strickland,* 466 U.S. at 694).

[18] *State v. Wright,* 653 A.2d 288, 293-94 (Del. Super. 1994) (citations omitted).

[19] *Younger v. State,* 580 A.2d 552, 556 (Del. 1990).

[20] *State v. Miller,* 2013 WL 871320, at *4 (Del. Super., Feb. 26, 2013).

[21] *See* Plea Agreement and Plea Trans. at p. 3.

[22] Plea Trans. at p. 7.

[23] *See* Plea Trans. at p. 6:
    The Court:     Do you understand that I could sentence you up to five years in prison and
                   that the first six months are mandatory?
    The Defendant:        Yes.

7

According to trial counsel's Affidavit, the trial was continued due to Defendant's medical issues. Trial counsel also reviewed all of the discovery with Defendant and he could not identify a legal basis for a motion to suppress. Trial counsel will not be faulted for neglecting to file meritless motions.

Finally, Defendant has not identified how counsel's allegedly deficient conduct resulted in actual prejudice.[24] Defendant negotiated a deal and received the benefits of that agreement. In light of the above, Defendant has failed to overcome the presumption that trial counsel's conduct was reasonable and appropriate under the circumstances.

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be DENIED.

**IT IS SO RECOMMENDED.**

Commissioner Katharine L. Mayer

oc:  Prothonotary
cc:  Matthew C. Bloom, Esquire
      Brian J. Chapman, Esquire
      Robert C. Lukshides

---

[24] *Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996) ("This Court has held that, for a claim of ineffective assistance of counsel to prevail, the defendant must make concrete allegation of actual prejudice and substantiate them or risk summary dismissal.") (citing *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996)).